[624 NYS2d 142]

In the Matter of GWYNETTE R. SMITH (Admitted as GWYNETTE ROSALIND HENDERSON SMITH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 23, 1995

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Gwynette R. Smith, was admitted to the practice of law in New York by the First Judicial Department on October 27, 1972 under the name Gwynette Rosalind Henderson Smith.

On or about August 4, 1993, respondent pleaded guilty in Municipal Court, County of Los Angeles, State of California, to possession of a cocaine-base substance, in violation of California Health and Safety Code § 11350 (a), a felony under the California Penal Code. Respondent was sentenced to 38 days in jail and a period of three years' probation. Respondent was also directed to register at a narcotics offender program upon her release from prison.

By petition dated July 25, 1994, the Departmental Disciplinary Committee seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before the Departmental Disciplinary Committee which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made. Counsel states that respondent never informed the Committee of her conviction as required under Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f).

Respondent was served with a copy of the Committee's "serious crime" petition by publication in the New York Law Journal on October 27, 1994; publication in the Los Angeles Daily Journal on November 4, 1994; and by mail to respondent's criminal probation officer in California, pursuant to the terms of this Court's order entered October 5, 1994, granting the Committee permission to serve respondent in said fashion. To date, respondent has not interposed a response to the Committee's petition.

Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows: "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state".

Section 603.12 (b) of the Rules of this Court states in pertinent part as follows: "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law".

The crime of which respondent has been convicted, possession of a cocaine-base substance, in violation of California Health and Safety Code § 11350 (a), falls within the definition of a "serious crime" insofar as it is a felony under the laws of the State of California. As such, the Committee's petition is granted and the crime of which respondent has been convicted is deemed a "serious crime" pursuant to the Judiciary Law and the Rules of this Court.

With respect to the issue of an interim suspension, Judiciary Law § 90 (4) (f) mandates that upon receipt of a record indicating that an attorney has been convicted of a "serious crime", this Court suspend the attorney until a final order is issued. Furthermore, respondent is presently serving a term of probation and it has long been this Court's policy that an attorney should not be permitted to practice law while on probation. (See, Matter of Lowell, 88 AD2d 128, 131-132 [1st Dept 1982]; Matter of Richter, 93 AD2d 505, 506 [1st Dept 1983].)

Accordingly, this Court grants the Committee's petition thereby deeming the offense of which respondent has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b); suspends respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directs respondent to show cause before the Committee pursuant to Judiciary Law § 90 (4) (g), which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

SULLIVAN, J. P., RUBIN, KUPFERMAN, NARDELLI and WILLIAMS, JJ., concur.

Petition granted, the crime of which respondent has been convicted deemed a serious crime, and respondent directed to show cause before petitioner why a final order of suspension, censure or disbarment should not be made, and, pending entry of such order, respondent suspended from practice, effective immediately, and until the further order of this Court.