[837 NYS2d 118]

In the Matter of PETER H. JACOBY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 7, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Gerard M. LaRusso* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Peter H. Jacoby was admitted to the practice of

law in the State of New York by the First Judicial Department on May 12, 1975.

At the time of the relevant events, respondent resided and practiced law in New Jersey, to whose bar he was admitted in 1987. On August 25, 2005, based on an incident of domestic violence, respondent entered a plea of guilty to the crime of simple assault (NJ Stat Ann 2C:12-1 [a]) before the Superior Court of New Jersey, Somerset County. Based on that plea, the Supreme Court of New Jersey, by order entered October 16, 2006 (*In re Jacoby*, 188 NJ 384, 908 A2d 177 [2006]), censured respondent for committing a criminal act reflecting adversely on his honesty, trustworthiness or fitness as a lawyer, in violation of rule 8.4 [b] of the New Jersey Rules of Professional Conduct, which corresponds to New York Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

The Departmental Disciplinary Committee now petitions this Court for an order, pursuant to 22 NYCRR 603.3, imposing reciprocal discipline upon respondent or, in the alternative, sanctioning him as this Court may deem appropriate. Respondent admits that he has no defense to this reciprocal discipline proceeding and asks that we give deference to the sanction imposed by the New Jersey Supreme Court.

Since no defense has been presented or exists, the Committee's petition for an order pursuant to the doctrine of reciprocal discipline should be granted. As to the appropriate sanction, we recognize that, generally, it is the state where an attorney lived and practiced law at the time of the offense that has the greatest interest in the matter (*Matter of Dranov*, 14 AD3d 156 [2004]; *Matter of Anschell*, 11 AD3d 56 [2004]). Consistent with this principle, it appears that imposition of the same sanction imposed by the New Jersey Supreme Court is in order here. In this regard, we note the mitigating factors evidenced by the record, including respondent's otherwise unblemished disciplinary record, the genesis of his criminal act in a psychological condition for which he is receiving treatment, and his sincere expression of remorse for his misconduct. Finally, the Committee does not urge that we impose a greater sanction than the one imposed by New Jersey.

Accordingly, the Committee's petition should be granted, and respondent publicly censured, pursuant to 22 NYCRR 603.3, in accordance with the discipline ordered by the New Jersey Supreme Court.

FRIEDMAN, J.P., MARLOW, WILLIAMS, BUCKLEY and McGUIRE, JJ., concur.

Respondent publicly censured.