[886 NYS2d 383]

In the Matter of PETER H. JACOBY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 6, 2009

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kim Petersen* of counsel), for petitioner.

*Gerard M. LaRusso* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Peter H. Jacoby was admitted to the practice of law in the State of New York by the First Judicial Department on May 12, 1975. Although respondent has not maintained an office for the practice of law during the period relevant to this matter, he has maintained his registration to practice law in the State of New York.

On July 14, 2008, in the Circuit Court of the City of Alexandria, Virginia, respondent pleaded guilty to one count of unlawful wounding, a felony, in violation of Virginia Code Annotated § 18.2-51. On August 25, 2008, he was sentenced to three years of incarceration, with all but 12 months of that sentence suspended, subject to certain conditions. On February 11, 2009, he began serving a term of probation scheduled to terminate on August 11, 2009.

The Departmental Disciplinary Committee now seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12, and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Committee or a referee appointed by this Court why a final order of censure, suspension or disbarment should not be made. In so moving, the Committee contends that the Virginia felony of which respondent was convicted is analogous to Penal Law § 120.00 (3), assault in the third degree, a class A misdemeanor and, therefore, not a felony under New York law. The Committee also seeks respondent's immediate interim suspension pursuant to Judiciary Law § 90 (4) (f).

Respondent, in his answer, admits the factual allegations set forth in the Committee's petition and likewise requests a referral pursuant to Judiciary Law § 90 (4) (g). Respondent does not address the Committee's further request for an immediate interim suspension.

The term "serious crime" is defined in pertinent part to mean "any criminal offense denominated a felony under the laws of any state . . . which does not constitute a felony under a law of this state" (Judiciary Law § 90 [4] [d]). Since respondent was convicted of a felony under the laws of Virginia that has its New York counterpart in a class A misdemeanor, respondent's conviction of unlawful wounding falls squarely within the definition of

a "serious crime" under Judiciary Law § 90 (4) (d) (*see e.g. Matter of Smith*, 208 AD2d 290 [1995]). Based on his conviction of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), respondent should be suspended from the practice of law, pursuant to Judiciary Law § 90 (4) (f), until a final order can be made pursuant to Judiciary Law § 90 (4) (g) (*see Matter of Smith, supra*). Respondent has not shown good cause for this Court to exercise its discretion under Judiciary Law § 90 (4) (f) to relieve him of suspension in the present matter, especially given that we have previously censured respondent based on a prior conviction in New Jersey for the crime of simple assault (*see Matter of Jacoby*, 42 AD3d 196 [2007]). Both convictions, we note, are based on acts of violence against respondent's wife.

Accordingly, the Committee's petition should be granted to the extent of deeming the offense of which respondent was convicted in Virginia in 2008 to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12, immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directing respondent to show cause before a Hearing Panel of the Committee pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or disbarment should not be made against him.

FRIEDMAN, J.P., BUCKLEY, McGUIRE, RICHTER and ABDUS-SALAAM, JJ., concur.

Respondent immediately suspended from the practice of law in the State of New York, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.