[926 NYS2d 480]

In the Matter of PETER H. JACOBY, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 2011

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kim Peterson* of counsel), for petitioner.
*Gerard M. LaRusso*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on May 12, 1975. Although he has not maintained an office for the practice of law in New York during the period relevant to this matter, he has maintained his registration with the New York bar. At the time of the events in question, respondent was employed by a telecommunications company as an in-house counsel in Washington, D.C., and resided in Virginia.

By order entered October 6, 2009, this Court, upon the motion of the Departmental Disciplinary Committee: (1) determined that the Virginia felony of unlawful wounding (Va Code Ann § 18.2-51), of which respondent was convicted in 2008, is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12; (2) based on the Virginia conviction, immediately suspended respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and (3) directed respondent to show cause before a Hearing Panel of the Committee, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be made against him (*Matter of Jacoby*, 69 AD3d 65 [2009]).

On January 20, 2010 and February 17, 2010, proceedings in this matter were held before a Hearing Panel pursuant to our order of October 6, 2009. The sole issue before the Panel was the appropriate sanction to be imposed on respondent based on his 2008 conviction of a serious crime in another state. The Committee presented no witnesses. Respondent testified on his own behalf and presented the testimony of his psychiatrist.

The 2008 Virginia conviction giving rise to this proceeding was based on respondent's conduct in a domestic dispute with his wife in March of that year. The altercation culminated in respondent striking and restraining his wife, causing physical injuries to her that required medical attention. Respondent was arrested and subsequently pleaded guilty to the felony of unlawful wounding, in violation of Virginia Code Annotated § 18.2-51, for which he was sentenced to three years of incarceration with all but 12 months suspended, subject to certain conditions. Upon

release from prison in February 2009, respondent was placed on probation until February 2011. An order of protection was also issued, which directed respondent to stay away from his wife and to make restitution to her in the amount of $2,283.43.

In its report dated June 14, 2010, the Hearing Panel noted the following as factors tending to mitigate respondent's culpability: (1) respondent's long and exemplary work record and attestation to his good character from colleagues; (2) the connection of respondent's misconduct to a dysfunctional marital relationship that is now coming to an end through divorce; (3) the initiation of the altercation by respondent's wife; (4) the causal connection between respondent's abusive conduct and his intermittent explosive syndrome, a recognized psychological condition for which he is being treated, and was being treated before the incident; (5) the confinement of respondent's physical aggression to his personal life; and (6) the substantial criminal sanctions, including a period of imprisonment, that have already been imposed on respondent.

At the same time it noted the foregoing mitigating factors, the Hearing Panel noted, as an aggravating factor, respondent's history of domestic violence before the March 2008 incident. In August 2005, based on a physical altercation with his wife that took place in March of that year, respondent pleaded guilty to the crime of simple assault in New Jersey, for which he was sentenced to one year of probation. As a result of that conviction, respondent (who is also a member of the New Jersey bar) was censured by the New Jersey Supreme Court (*see In re Jacoby*, 188 NJ 384, 908 A2d 177 [2006]), and, as a matter of reciprocal discipline, by this Court (*see Matter of Jacoby*, 42 AD3d 196 [2007]). In addition, respondent informed the Hearing Panel of another instance in which he struck his wife, this one while they were on vacation in the Carribean in December 2007.

After the hearing, Committee staff argued that respondent should be disbarred, while respondent contended that a two-year suspension would be appropriate. In its report, the Hearing Panel majority, taking into account the mitigating and aggravating factors as set forth above, recommended that respondent receive a suspension of 30 months effective as of October 6, 2009, the date his interim suspension commenced. The dissenting panel member opined that the suspension should terminate at the same time as respondent's probation, in February 2011.

The Committee now seeks an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the findings of fact and

conclusions of law of the Hearing Panel in this matter and suspending respondent from the practice of law for not less than 30 months effective the date of this Court's interim suspension order. Respondent cross-moves to confirm the Hearing Panel's report as to the recommended sanction and as to most of the findings of fact and conclusions of law but to disaffirm certain findings and conclusions. We now grant the Committee's motion, affirming only in part the Panel's findings of fact and conclusions of law and—notwithstanding that the Hearing Panel recommended only a 30-month suspension—suspend respondent from the practice of law for 36 months with effect from the commencement of his interim suspension.

We find, in the exercise of our discretion, that respondent should be suspended for 36 months in view of the gravity of the offense of domestic violence and his prior history of similar misconduct. While respondent may not have engaged in physical aggression in his professional life, it cannot be overemphasized that his abuse of his spouse reflects adversely on his fitness to practice law.

We have considered and rejected the request in respondent's cross motion that we disaffirm certain portions of the Hearing Panel's report.

Accordingly, the Committee's motion should be granted, the Hearing Panel's findings of fact and conclusions of law affirmed in part, and respondent suspended from the practice of law for a period of 36 months effective October 6, 2009, and until further order of this Court, and respondent's cross motion should be denied to the extent it seeks to confirm the Hearing Panel's recommended sanction and to disaffirm certain portions of the Hearing Panel's report.

MAZZARELLI, J.P., FRIEDMAN, RICHTER and ABDUS-SALAAM, JJ., concur.

Respondent suspended from practice as an attorney and counselor-at-law in the State of New York for 36 months, nunc pro tunc to October 6, 2009. Cross motion denied.