Matter of Walker (2020 NY Slip Op 00835)





Matter of Walker


2020 NY Slip Op 00835


Decided on February 4, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman,Justice Presiding,
Judith J. Gische
Angela M. Mazzarelli
Ellen Gesmer
Cynthia S. Kern,Justices.


M-6828

[*1]In the Matter of John B. Walker, (admitted as John Brandon Walker), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John B. Walker, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John Brandon Walker, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on May 27, 2010.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.



PER CURIAM


Respondent John B. Walker was admitted to the practice of law in the State of New York by the Third Judicial Department on May 27, 2010, under the name John Brandon Walker. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) commenced this disciplinary proceeding by a petition of charges (Judiciary Law § 90[2], and Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) based upon his conviction for reckless assault in the third degree (Penal Law § 120.00[2]) in that he engaged in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer, in violation of rule 8.4(b) and that he engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h).
Responded admitted liability to the charges (Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4[b] and [h]), and the parties filed a joint statement of undisputed facts. Following a hearing before a Referee as to sanction only, the Committee sought imposition of a one-year suspension, while respondent urged a public censure. By a report, the Referee recommended a public censure be imposed.
The Committee now moves for an order, pursuant to 22 NYCRR 1240.8(b)(1), affirming the findings of the Referee and imposing a sanction this Court deems appropriate. The Committee also moves for an order sealing Staff Exhibits 1-10 and Respondent's Exhibits B and C. Respondent seeks an order affirming the findings of the Referee and imposing a censure, as recommended by the Referee.
For the reasons set forth below, we now grant the Committee's motion to the extent of suspending respondent for a period of four months and grant its request to seal Staff Exhibits 1-10 and Respondent's Exhibits B and C.
Respondent's criminal conviction arose from his assault on a woman he met through a dating website. A year after the assault, on April 27, 2017, respondent pleaded guilty to reckless assault in the third degree (Penal Law § 120.00[2]), a Class A misdemeanor, and was sentenced to a one-year conditional discharge and ordered to receive alcohol abuse counseling for one year, with periodic reporting every three to four months. Respondent fully complied with the sentence.
At the sanction hearing, the Committee presented the complainant as its sole witness. Respondent testified on his own behalf and presented three character witnesses. The Referee's report related the following information. On March 5, 2016, respondent and the complainant met for drinks at a restaurant. After several hours of drinking, they left the restaurant and went to respondent's apartment. While at respondent's apartment, the two began to kiss while sitting on respondent's couch. Respondent, who was highly intoxicated, asserted that he blacked out for an unspecified period of time. The complainant asserted that respondent grabbed her by the neck, choked her, threw her on the floor and kicked her ribcage with his foot. The Referee expressly found that complainant's assertions that she feared for her life during the attack were credible. As a result of respondent's actions, complainant suffered bruises on her neck, throat, and ribcage, contusions on her head, a scaphoid fracture, and bruises on both wrists, and continues to suffer psychologically and emotionally.
The Referee concluded that respondent's attack was aberrational and not in his character, noted that he has no disciplinary history, and respondent presented overwhelming evidence of his good professional and personal relationships. Respondent's three character witnesses and 20 character letters convincingly testified to his deep remorse and acceptance of responsibility, which the Referee noted were also palpable at the hearing. In further mitigation, the Referee found that the character witnesses described someone deeply devoted to his girlfriend, family, friends, colleagues and clients. The Referee found, however, there was no indication of any pro bono activity.
In ordering the appropriate sanction, we consider the seriousness of respondent's assault. Respondent's misconduct of drinking to the point of blacking out and assaulting a woman in his [*2]home is disturbing and was appropriately the subject of criminal proceedings. However, we also consider that respondent has accepted responsibility for his misconduct, has expressed sincere remorse, cooperated with the Committee and has an unblemished disciplinary history. Moreover, the character witnesses' universal opinion regarding the aberrational nature of respondent's behavior and his otherwise good character and fitness to practice are compelling.
On the issue of sanction, this Court generally accords significant weight to the recommendation of the referee (see Matter of Shearer, 94 AD3d 128, 132 [1st Dept 2012]).
However, in certain circumstances we will depart from the referee's recommended sanction (see Matter of Clarke, 71 AD3d 33, 38-39 [1st Dept 2009]; Matter of Mahoney, 56 AD3d 169, 176-77 [1st Dept 2008]). In our view, this is such an instance. A review of the cases cited by respondent and the Committee convinces us that respondent's misconduct in this case is more comparable to those cases imposing a suspension (see Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Zulandt, 93 AD3d
77 [1st Dept 2012]; Matter of Jacoby, 86 AD3d 330 [1st Dept 2011]; see also Matter of Salami, 157 AD3d 37, 40 [2d Dept 2017]). The evidence before the Referee clearly established the seriousness of respondent's assault on an intimate partner. Even when taking into consideration the mitigating circumstances, a period of suspension for such an assault is warranted in order to maintain the honor and integrity of the profession and deter others from committing similar misconduct (22 NYCRR 1240.8[b][2]).
The Committee also seeks an order sealing Staff Exhibits 1-10, and Respondent Exhibits B and C, which contain photographs and text and email exchanges between respondent and complainant. After reviewing the record, and considering the sensitive nature of the exhibits contained therein, this Court grants the request (see Matter of Scudieri, 174 AD3d 168, 173-74 [1st Dept 2019]).
Accordingly, the Committee's motion is granted to the extent of suspending respondent for a period of four months and until further order of the Court, and sealing Staff Exhibits 1-10 and Respondent's Exhibits B and C.
All concur.
Order filed. [February 4, 2020]
The Committee's motion, pursuant to 22 NYCRR 1240.8(b)(1), for an order affirming the findings of the Referee and imposing a sanction this Court deems appropriate is granted to the extent of suspending respondent from the practice of law in the State of New York for a period of four months, effective March 5, 2020, and until further order of this Court, and sealing Staff Exhibits 1-10 and respondent's Exhibits B and C.