Matter of Cherkasky (2020 NY Slip Op 01588)





Matter of Cherkasky


2020 NY Slip Op 01588


Decided on March 10, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman, Justice Presiding,
 Dianne T. Renwick
 Sallie Manzanet-Daniels
 Cynthia S. Kern
Lizbeth González, Justices.


M-3831 CM-7139

[*1]In the Matter of Eli K. Cherkasky (admitted as Eli Karl Cherkasky), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Eli K. Cherkasky, (OCA Atty. Reg. No. 4514451), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Eli Karl Cherkasky was admitted to practice as an attorney and counselor-at-law in the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on September 19, 2007.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Norma I. Melendez, of counsel), for petitioner.
Frankfurt Kurnit Klein & Seltz, PC (John B. Harris, of counsel), for respondent.



PER CURIAM.


Respondent Eli K. Cherkasky was admitted to the practice of law in the State of New York by the Second Judicial Department on September 19, 2007 under the name Eli Karl Cherkasky. At all times relevant to this proceeding, respondent practiced law within the First Judicial Department.
In 2015, respondent was convicted of criminal obstruction of breathing or blood circulation and assault in the third degree (two misdemeanors) and harassment in the second degree (a violation). In 2017, the Attorney Grievance Committee commenced this proceeding by filing a petition alleging that respondent violated Rules of Professional Conduct (22 NYCRR 1200.00) rule 8.4(b) (illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer) and rule 8.4(h) (conduct that adversely reflects on his fitness as a lawyer). Thereafter, respondent submitted an answer admitting liability to the charges (Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4[b] and [h]) and the parties filed a joint statement of undisputed facts. In light of respondent's admissions to liability, this Court accepted the parties' joint statement of facts and appointed a Referee for a hearing limited to [*2]sanction only. Following a hearing, the Committee sought imposition of a one-year suspension while respondent urged a private sanction. By report dated July 10, 2019, the Referee recommended private discipline be imposed.
The Committee now moves for an order, pursuant to 22 NYCRR 1240.8(b)(1), affirming the findings of the Referee and imposing whatever discipline this Court deems appropriate. Respondent cross-moves for an order confirming the Referee's report in full, including his recommendation of private discipline. For the reasons set forth below, we now grant the motions to the extent of affirming the findings of the Referee and suspending respondent for a period of two months.
Respondent's criminal conviction arose from his assault on a woman at a bar. Respondent had been drinking heavily for many hours. While highly intoxicated and searching for his coat at the bar in order to leave, respondent touched the complainant's coat. Complainant, who had also been drinking, was seated in the bar with friends, and when she saw respondent touch her belongings, she yelled at him to stop. After a verbal altercation with the complainant, which included respondent's use of derogatory language, respondent placed his hands on her shoulders and/or upper arms. Almost immediately, one of the complainant's male friends stepped between them. Respondent appeared to remain calm while the friend spoke to him before a mutual friend came over and respondent walked away.
Around 5 to 10 minutes later, respondent returned to the area at which point the complainant immediately jumped up from her chair, confronted respondent and started yelling at him. When respondent held out his outstretched hands towards the complainant, she stopped them, almost as if she were swatting them away, before he seemed to stumble. According to respondent, the complainant hit him in the eye with her arm, causing him a black eye, when she pushed his outstretched hands away from her. The complainant then threw a beer at respondent and the assault occurred. The parties' joint stipulation of facts summarized the assault as follows: "[r]espondent knocked [complainant] against a railing, tackled her to the floor, kneeled on top of her, grabbed her neck and struck her in the face." Thereafter, respondent was convicted, after a non-jury trial, of criminal obstruction of breathing or blood circulation (Penal Law § 121.11[a]) and assault in the third degree (Penal Law § 120.00[1]), both A misdemeanors, and harassment in the second degree (Penal Law § 240.26[1]), a violation. On November 5, 2015, respondent was sentenced to a one-year conditional discharge, 12 weeks of treatment for alcohol abuse and 10 days of community service. Respondent has completed all of these conditions. The sentencing court commented that the incident that led to respondent's conviction was "an aberration in an otherwise law-abiding and productive life" and an "unfortunate lapse in judgment" that resulted in the end of his professional pursuit as an assistant district attorney and his actions were the result of "alcohol abuse" and a rage that may have been "atypical" of his character "but it caused fear, physical injury, and pain to another person and also significant emotional pain not only to [the complainant] but also to all of those [who had supported respondent]." In affirming respondent's conviction, the Appellate Term determined that the verdict was based on legally sufficient evidence and that it was not against the weight of the evidence.
During his examination under oath (EUO) before the Committee, respondent accepted responsibility for his conduct, expressed remorse for his treatment of the complainant, admitted that his conduct was "unacceptable," that he had "engaged when he should not have engaged," he "drank too much and exercised poor judgment" and that his conduct was "unbecoming of a 35-year-old-man . . . and unbecoming of an assistant district attorney."
At the sanction hearing, the complainant, respondent and three character witnesses testified. The complainant testified that she dealt with both physical and severe emotional consequences following the assault. Respondent testified that he benefitted greatly from the alcohol abuse treatment program he enrolled in, that he continued to suffer repercussions due to his actions but that he understood he was responsible for his actions. The character witnesses' [*3]testimonies painted a very favorable picture of respondent, that he was a hard worker and a role model for younger attorneys, that he was sensitive and thoughtful and not a violent or aggressive person and that respondent had been drinking heavily at that time in his life but that he had now stopped. A joint stipulation of facts and a video from the security camera at the bar where the altercation occurred were also submitted at respondent's EUO before the Committee.
The Referee was not convinced that respondent had accepted the degree to which his actions had affected the complainant, which was based, in large part, on the Referee's finding that respondent had not issued a sincere, direct apology to the complainant. However, the Referee concluded that, based on the time that had passed, his belief that respondent would not have assaulted the complainant had he not been drunk and that respondent had turned his life around by stopping drinking and taking upon the burden of raising a family, a private sanction would be appropriate.
In ordering the appropriate sanction, we consider the seriousness of respondent's assault. Respondent's misconduct of drinking heavily and assaulting a woman in a bar is disturbing and was appropriately the subject of criminal proceedings. However, we also consider that respondent has accepted responsibility for his misconduct, has expressed sincere remorse, cooperated with the Committee and has an unblemished disciplinary history. Moreover, the character witnesses' universal opinion regarding the aberrational nature of respondent's behavior and his otherwise good character and fitness to practice are compelling.
Although we generally accord significant weight to the recommendation of the referee in ordering the appropriate sanction (see Matter of Shearer, 94 AD3d 128, 132 [1st Dept 2012]), in certain circumstances, we will depart from the referee's recommendation (see Matter of Clarke, 71 AD3d 33, 38-39 [1st Dept 2009]; Matter of Mahoney, 56 AD3d 169, 176-77 [1st Dept 2008]). In our view, this is such an instance. A review of the cases cited by respondent and the Committee convinces us that respondent's misconduct in this case is more comparable to those cases imposing a suspension (see Matter of Zulandt, 93 AD3d 77 [1st Dept 2012]; Matter of Jacoby, 86 AD3d 330 [1st Dept 2011]). The evidence before the Referee clearly established the seriousness of respondent's assault on the complainant. Even when taking into account the mitigating circumstances, a period of suspension for such an assault is warranted in order to maintain the honor and integrity of the profession and deter others from committing similar misconduct (22 NYCRR 1240.8[b][2]).
Accordingly, the motions are granted to the extent of confirming the Referee's findings and suspending respondent from the practice of law for a period of two months.
All concur.
Order filed. [March 10, 2020]
The Committee's motion (M-3831) and respondent's cross motion (CM-7139) are granted to the extent that the findings of fact and conclusions of law, as found by the Referee, are confirmed, and respondent is suspended from the practice of law for a period of two months, effective 30 days from the date hereof, and until further order of the Court.