Matter of Nickol (2020 NY Slip Op 02850)





Matter of Nickol


2020 NY Slip Op 02850


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

PM-74-20

[*1]In the Matter of Robert Donald Nickol, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Robert Donald Nickol, Respondent. (Attorney Registration No. 5103700.)

Calendar Date: May 8, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
E. Stewart Jones Hacker Murphy, LLP, Troy (James C. Knox of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2013 and currently lists a business address in the Town of Worcester, Otsego County. In October 2018, respondent was found guilty by an Albany County jury of two counts of assault in the third degree (see Penal Law § 120.00 [1]), a class A misdemeanor, in connection with two separate incidents of physical assault of his then-girlfriend. At respondent's criminal trial, the victim testified that she had begun dating respondent sometime in 2013. In March 2017, while living together, respondent slapped the victim in the face following an argument. Subsequently, in September 2017, respondent whipped the victim's leg with a television cord. Both incidents resulted in physical injuries to the victim. Following his convictions, respondent was sentenced by County Court to three years of probation on each count, to run concurrently.
By petition of charges returnable in June 2019, petitioner alleged that respondent's criminal convictions establish that he had engaged in illegal conduct and conduct that adversely reflects on his fitness as a lawyer, warranting the imposition of public discipline. Respondent joined issue in June 2019, and the parties later submitted their respective statements of disputed facts. Petitioner thereafter moved for an order declaring that no factual issues were raised by the pleadings and that respondent's misconduct had been established. Respondent did not oppose petitioner's motion and we granted same by February 2020 Confidential Order, finding that respondent's misconduct violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4 (b) and (h). The parties were thereafter directed to submit additional materials presenting their respective arguments concerning the appropriate discipline to be imposed. We have considered their submissions and they have been heard at oral argument.
In determining the appropriate discipline for an attorney's established misconduct, we consider any and all relevant factors, including "the nature of the misconduct, aggravating and mitigating circumstances, . . . the appropriate sanction under the American Bar Association's Standards for Imposing Lawyer Sanctions, and applicable case law and precedent" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Respondent urges this Court to forego imposing public discipline and remand his matter for the imposition of an admonition. Having considered the facts and circumstances of this matter, we decline his request.
Initially, we note the existence of several factors that aggravate respondent's misconduct, including the fact that respondent's conduct was not an isolated incident, as he engaged in multiple acts of criminal conduct indicative of a pattern of misconduct (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [c], [d], [k]). We also have considered the vulnerability of the victim of respondent's criminal conduct (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [h]). On the other hand, we note that respondent has expressed remorse for his actions, he has no history of prior discipline and he has fully cooperated with petitioner in this matter (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [a], [e], [l]). Further, respondent was sentenced to a term of probation for his actions, which he continues to serve at this time (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [k]). Finally, we have considered respondent's efforts to voluntarily attend domestic violence classes in an attempt to rehabilitate himself.
However, even accounting for these factors in mitigation, we find that acts of domestic violence such as the ones at issue are gravely serious, diminish confidence in the legal profession and warrant an appropriate serious sanction (see Matter of Walker, 181 AD3d 62, 65 [2020]; Matter of Jacoby, 86 AD3d 330, 333 [2011]). In this respect, we believe a term of suspension is commensurate with past precedent concerning similarly egregious conduct (see Matter of Cherkasky, ___ AD3d ___, ___, 120 NYS3d 325, 328 [2020]; Matter of Walker, 181 AD3d at 65; Matter of Salami, 157 AD3d 37, 40 [2017]). Accordingly, in order to maintain the honor and integrity of the profession and deter others from committing similar misconduct, we suspend respondent from the practice of law for a period of six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).