Matter of Nickol (2021 NY Slip Op 06023)





Matter of Nickol


2021 NY Slip Op 06023


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

PM-146-21
[*1]In the Matter of Robert Donald Nickol, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Robert Donald Nickol, Respondent. (Attorney Registration No. 5103700.)

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Robert Donald Nickol, Corinth, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2013 and currently lists a business address in the Town of Corinth, Saratoga County. In October 2018, respondent was found guilty of two counts of assault in the third degree (see Penal Law § 120.00 [1]), a class A misdemeanor, in connection with two separate incidents of physical assault of his then-girlfriend. Respondent was thereafter sentenced by County Court to three years of probation on each count, to run concurrently.
By April 2019 petition of charges, petitioner alleged that respondent's criminal convictions establish that he had engaged in illegal conduct and conduct that adversely reflects on his fitness as a lawyer, warranting the imposition of public discipline (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [b], [h]). Following joinder of issue, certain motion practice and oral argument on the issue of the appropriate sanction, by May 2020 order, this Court suspended respondent from the practice of law for a period of six months (183 AD3d 1105 [2020]). Respondent now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner has submitted an affirmation opposing respondent's motion and respondent has not replied.
Respondent has supported his motion for reinstatement by submitting an affidavit in the form provided in appendix D to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, which applies to those attorneys who have been suspended from the practice of law for a fixed period of six months or less (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Xi Yang], 175 AD3d 823, 824 [2019]). However, while this Court suspended respondent in May 2020 for a six-month period, respondent did not take advantage of his ability to submit the shorter appendix D affidavit prior to the expiration of his suspension term (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). Instead, respondent filed his motion in August 2021, at which point he had already been suspended for 15 months. To be clear, it is the actual length of time that a respondent is separated from the practice of law that dictates the term for purposes of the procedural requirements for reinstatement, not the term of suspension provided in the disciplinary order from which the respondent seeks reinstatement (see Matter of Sklar, 186 AD3d 1773, 1774 [2020]; Matter of Jing Tan, 164 AD3d 1515, 1518 [2018]). Accordingly, respondent must now submit the more comprehensive appendix C form affidavit, along with the necessary exhibits, and also demonstrate that he has successfully passed the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year of the date of his application (see Matter of Weekes, 175 AD3d 1669, 1670 [2019]). Given the deficiencies in his application [*2]that necessarily result from his use of the short form appendix D affidavit, his failure to meet the MPRE requirements for reinstatement, and his failure to address those deficiencies in response to petitioner's opposition, we deny his motion for reinstatement (see Matter of Jing Tan, 164 AD3d at 1518-1519).
Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motion is denied.