Matter of Ruby (2024 NY Slip Op 04486)

Matter of Ruby

2024 NY Slip Op 04486

Decided on September 19, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 19, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Tanya R. Kennedy
Justice Presiding
Martin Shulman Bahaati E. Pitt-Burke John R. Higgitt Kelly O'Neill Levy
Justices.

Motion No. 2024-03093 Case No. 2024-01180 

[*1]In the Matter of Ethan Ruby, An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ethan Ruby (OCA Atty. Reg. No. 5914502), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ethan Ruby, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 28, 2022.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Jun H. Lee, Esq., of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.

PER CURIAM 

Respondent Ethan Ruby was admitted to the practice of law in the State of New York by the First Judicial Department on March 28, 2022. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
In February 2024, petitioner Attorney Grievance Committee (the Committee) filed a notice of petition and petition of charges alleging that respondent was guilty of professional misconduct, in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4(b) and 8.4(h), based on his conviction for assault in the third degree, a class A misdemeanor (see Penal Law § 120.00[1]), and requesting that respondent be disciplined pursuant to Judiciary Law § 90(2) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8.
The Committee and respondent now jointly move under 22 NYCRR 1240.8(a)(5) for an order imposing discipline by consent. The parties request that respondent be suspended from the practice of law for nine months and participate in the New York Lawyer Assistance Program for one year.
The Rules for Attorney Disciplinary Matters provide that, at any time after the Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent, which must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8[a][5][i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion.
In support of the motion, the parties have submitted a joint affirmation containing a stipulation of facts and an affidavit from respondent in which he conditionally admits that he violated the above-mentioned Rules of Professional Conduct, and consents freely and voluntarily to the agreed-upon discipline, without coercion or duress and with his full awareness of the consequences of consenting to such discipline.
The parties have stipulated to the following facts.
After a night out fueled by alcohol and cocaine, respondent repeatedly struck his then-girlfriend and threw a glass vase at her, causing injury.
Respondent pled guilty to assault in [*2]the third degree, and received a conditional discharge that included a full and final order of protection in favor of respondent's girlfriend for a period of five years and monitoring by the court for a minimum of 12 months. Respondent has complied with the conditions of his plea agreement, which included successful completion of a 26-week Abusive Partner Intervention Program; 12 months of individualized counseling, sexual behavior treatment, and substance abuse treatment; and refraining from posting about or referring to the girlfriend on social media.
With respect to factors in mitigation, the parties agree that respondent was a young, newly-admitted attorney with no prior disciplinary history; that he has a history of attention deficit hyperactivity disorder; that he has completed a six-month Abusive Partner Intervention Program and has consistently seen a therapist; that he has expressed remorse and contrition; that he timely self-reported his conviction; and that he has cooperated with the Committee's investigation.
With respect to factors in aggravation, the parties agree that there were previous incidences of domestic violence involving injury and the threat of physical violence to the former girlfriend.
While this court has imposed far lengthier terms of suspension for assault convictions involving the domestic abuse of a romantic partner (see Matter of Zulandt, 93 AD3d 77 [1st Dept 2012]; Matter of Jacoby, 86 AD3d 330 [1st Dept 2011]), respondent's conduct here was not as egregious as and did not persist for as long as the conduct underlying those matters. Further, it cannot be said that respondent's conduct was truly aberrational, so as to warrant a sanction lesser than that proposed by the parties (see Matter of Cherkasky, 183 AD3d 42 [1st Dept 2020]; Matter of Walker, 181 AD3d 62 [1st Dept 2020]). We therefore find that the sanction proposed by the parties is acceptable, considering all facts and circumstances in aggravation and mitigation.
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is suspended for a period of nine months, and until further order of this Court, with supervision by the New York Lawyer Assistance Program for one year. The Committee's petition of charges should be denied as moot.
All concur.
Wherefore, it is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Ethan Ruby is suspended from the practice of law in the State of New York for a period of nine months, effective October 21, 2024, and until further order of this Court, and respondent is further directed to participation in New York City Bar Association's Lawyer Assistance Program for a period of one year, and
It is further Ordered that the petition of charges is denied as moot, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Ethan Ruby is commanded to desist and refrain [*3]from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent Ethan Ruby shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Ethan Ruby has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: September 19, 2024