Matter of Miller (2025 NY Slip Op 03385)

Matter of Miller

2025 NY Slip Op 03385

Decided on June 05, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Cynthia S. Kern
Justice Presiding

Motion No. 2025-01809|Case No. 2023-04231|

[*1]In the Matter of Stefan Michael Miller a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Stefan Michael Miller (OCA Atty Reg. 4718219), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Stefan Michael Miller, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 1, 2009.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Raymond Vallejo, of counsel), for petitioner
Richard E. Mischel, Esq. for respondent.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Stefan Michael Miller, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 1, 2009.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner
Richard E. Mischel, Esq. for respondent.
Motion No. 2025-01809 — April 7, 2025
In the Matter of Stefan Michael Miller, a suspended attorney
Per Curiam Respondent Stefan Michael Miller was admitted to the practice of law in the State of New York by the First Judicial Department on May 1, 2009, under the name Stefan Michael Miller. The First Judicial Department retains jurisdiction over respondent as the admitting Judicial Department pursuant to the Rules for Attorney Disciplinary Matters (NYCRR) § 1240.7(a)(2). Respondent is also a member of the bars of the United States Patent and Trademark Office (USPTO) and the Federal Circuit Court of Appeals.
On August 1, 2023, respondent pleaded guilty to criminal contempt in the second degree and was sentenced to a one-year conditional discharge. By order dated July 25, 2024, respondent was immediately suspended pursuant to Judiciary Law 90(4)(f) and 22 NYCRR 1240.12(b)(2), for committing a "serious crime" as defined by Judiciary Law 90(4)(d). Respondent was directed to show cause at a hearing as to why a final order of discipline should not be made based on his conviction of a serious crime.
Respondent and the Attorney Grievance Committee (AGC) now jointly move under 22 NYCRR 1240.8(a)(5) for discipline by consent and seek an order suspending respondent for four months, nunc pro tunc to July 25, 2024, the date of respondent's interim suspension.
In support of the motion, the parties stipulate that on or about March 4, 2023, respondent violated an Order of Protection when he visited his former paramour, which resulted in an altercation between them. During the altercation, the paramour slipped and hit her forehead on a table, causing her to bruise. She did not seek medical attention for the injury. Respondent was arrested and later pleaded guilty to criminal contempt in the second degree on August 1, 2023. He was sentenced to a one-year conditional discharge, which was conditioned on his completion of a 16-week "Abusive Partner Intervention Program."
The parties further stipulate that respondent has no disciplinary history, including before the USPTO and the Federal Circuit Court of Appeals. He has cooperated with both the New York County District Attorney's Office and the AGC during their respective investigations. Respondent also continues to cooperate with the bars of the USPTO and the Federal Circuit Court of Appeals whose investigations are pending the outcome of this matter. He has accepted full responsibility and expressed remorse for his misconduct. Moreover, since pleading [*2]guilty, respondent has successfully completed the 16-week "Abusive Partner Intervention Program;" voluntarily placed himself in an intensive rehabilitation program for alcohol dependency, post-traumatic stress disorder, and emotional counseling; and attends, and has led, Alcoholics Anonymous (AA) meetings. The parties also assert that respondent is well regarded in the legal community and has a reputation for honesty and integrity.
In light of respondent's admitted misconduct, the mitigating circumstances presented, and discipline imposed by this Court for similar attorney misconduct, the parties' request for a four-month suspension is appropriate (see e.g. Matter of Cherkasky, 183 AD3d 42 [1st Dept 2020] [two-month suspension of attorney who pleaded guilty to engaging in verbal and physical altercation with a woman while intoxicated]; Matter of Walker, 181 AD3d 62 [1st Dept 2020] [four-month suspension of attorney who admitted to physically assaulting his date and expressed remorse, cooperated with the AGC, had an unblemished disciplinary history and a reputation for good character]; see also Matter of Ruby, 232 AD3d 179 [1st Dept 2024]).
Accordingly, the parties' joint motion should be granted, and respondent is suspended from the practice of law in the State of New York for a period of four months, effective nunc pro tunc to July 25, 2024, and until further order of this Court.
All concur.
Wherefore, it is Ordered the parties' joint motion for discipline by consent, pursuant to 22 NYCRR 1240.8(a)(5), is granted, and respondent, Stefan Michael Miller, is suspended from the practice of law in the State of New York for a period of four months, effective nunc pro tunc to July 25, 2024, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Stefan Michael Miller, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Stefan Michael Miller, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Stefan Michael Miller, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 5, 2025