In the Matter of the Application of JOHN J. FINN, Petitioner, for an Order Pursuant to Section 88, Subdivision 4, of the Judiciary Law.

WESTCHESTER COUNTY BAR ASSOCIATION, Intervenor.

Second Department, February 28, 1939.

*Raymond A. McCourt*, for the petitioner.

*Richard H. Levet*, on behalf of the Westchester County Bar Association, in opposition.

PER CURIAM. Petitioner was found guilty of a felony October 11, 1932; judgment of conviction November 18, 1932. Sentence was suspended upon the condition that restitution be made. Judgment of conviction was affirmed by this court (241 App. Div. 629), followed by an affirmance by the Court of Appeals (265 N. Y. 447). Pursuant to section 477 of the Judiciary Law petitioner ceased to

be an attorney and counselor at law and was disbarred by this court on December 9, 1932. (See 237 App. Div. 830.)

Under date of May 25, 1938, the Governor issued a pardon to petitioner for the sole and exclusive purpose of removing any disability now imposed by law upon him by reason of the said conviction, against the entry by him into certain professions, trades or employment, and for no other purpose whatever. The pardon provides that no term or condition of parole was canceled or changed.

Thereupon this application was made.

The attorney seeking reinstatement has the burden of satisfying the court by convincing proof of innocence before pardon will restore him to membership at the bar. (*Matter of Kaufmann*, 245 N. Y. 423.) The petitioner asserts his innocence, but he does not present any facts justifying his claim. He refers to two letters written to the Governor in support of his application for the pardon. One is from the district attorney at the time of the conviction, but who did not try the case. In the letter he states that he always felt there was some doubt of criminal intent. He also expresses the view that the petitioner tried his case on legal grounds and that the result might have been different if the case had been decided on a moral basis. The other letter is from the assistant district attorney who tried the case and also was of counsel on the appeal to this court. While he recommended a pardon he does not say that the petitioner was innocent of the crime. On the contrary, he uses these words: " I am entirely convinced that Mr. Finn will never again, under any pressure or set of adverse circumstances, conduct himself in a manner which would. bring the slightest suspicion of impropriety, either as a citizen or an attorney, upon himself."

A re-examination of the record of the trial demonstrates that petitioner was definitely guilty of willful conversion of funds which he should have deposited in a bank pursuant to a court order.

It will not be necessary to investigate the additional six charges of misconduct now presented by the Bar Association.

The application should be denied.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ.

Motion to vacate or to modify order of disbarment denied.