In the Matter of CHARLES STANLEY WAGGONER, II, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 30, 1986

**APPEARANCES OF COUNSEL**

*Susan Brotman* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Robert S. Rosenfeld* of counsel *(Keywell & Rosenfeld,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

In 1958 respondent, a Michigan native, was admitted in this judicial department to practice law in New York. In 1982 he was convicted in the U. S. Virgin Islands of certain criminal charges stemming from an incident which took place at his home on the island of St. Thomas, namely, assault by pointing a pistol at a uniformed officer, obstruction of a police officer's duty by chasing him away at gunpoint, and aggravated assault and battery by grabbing a police officer. Under the Virgin Islands Code, the first of these crimes was classified a felony and the other two misdemeanors, although under New York law none would be classified a felony. Respondent was sentenced to a $300 fine and two years in prison (of which 18 months was suspended, with a total of two years' supervised probation) on the felony, and a $100 fine on each of the misdemeanors. This judgment was subsequently affirmed on appeal in the District Court of the Virgin Islands for the Division of St. Thomas and St. John. Five months later, in August 1984, the Governor of the Virgin Islands granted respondent a full executive pardon. Petitioner first learned of this criminal activity in May 1984, despite the clear obligation on respondent to notify the disciplinary authority promptly (Judiciary Law § 90 [4] [c]; 22 NYCRR 603.12 [f]).

A hearing panel of the Disciplinary Committee recommended public censure of respondent. We believe censure is an appropriate sanction in this case, notwithstanding the executive pardon (*Matter of Finn,* 256 App Div 288; *see, Matter of_____, an Attorney,* 86 NY 563, 569). We also note that censure is the most lenient of sanctions available under the general disciplinary authority of this court (Judiciary Law § 90 [2]).

Respondent should be, and is, hereby censured for conviction of criminal activity in the Virgin Islands, and for failure to notify the disciplinary authority in a timely fashion.

SULLIVAN, J. P., CARRO, FEIN, MILONAS and ELLERIN, JJ., concur.

Motion granted, and respondent is censured for conviction of criminal activity in the Virgin Islands, and for failure to notify the disciplinary authority in a timely fashion.