[727 NYS2d 886]

In the Matter of RONALD JAMES D'ANGELO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 18, 2001

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn, for petitioner.
*Ronald James D'Angelo,* Brooklyn, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition containing one charge of professional misconduct. After a preliminary hearing on July 30, 1999, and a second hearing on March 24, 2000, Special Referee Monteleone sustained the charge. The respondent now moves for an order confirming the Special Referee's report but refraining from any additional disciplinary action or punishment. The Grievance Committee moves for an order confirming the Special Referee's report and imposing such discipline as the Court deems appropriate.

The charge alleges that the respondent is guilty of professional misconduct in that he was convicted of two crimes.

On June 10, 1998, after a nonjury trial before the Honorable Megan Tallmer in the Criminal Court, Bronx County, the respondent was convicted of attempted assault in the third degree and harassment in the second degree, in violation of Penal Law §§ 110.00, 120.00 (1) and § 240.26 (1). By reason of

the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]). In view of the uncontroverted fact of the conviction, the Special Referee properly sustained the charge. The branches of the motions which are to confirm the Special Referee's report are granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's cooperation with the Grievance Committee, his expressed remorse, his previously unblemished record, and the fact that the circumstances of his conviction were not related to the practice of law.

Under the totality of circumstances, the respondent is suspended from the practice of law for one year.

O'BRIEN, J. P., RITTER, SANTUCCI, ALTMAN and S. MILLER, JJ., concur.

Ordered that the branches of the motions which are to confirm the report of the Special Referee are granted; and it is further,

Ordered that the branch of the petitioner's motion which is to impose discipline on the respondent is granted and the branch of the respondent's motion which is to refrain from imposing any additional discipline is denied; and it is further,

Ordered that the respondent, Ronald James D'Angelo, is suspended from the practice of law for a period of one year, commencing March 23, 2001, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that the following two matters, Santoro v Community Hosp. (App Div Docket Nos. 2000-02220, 2000-04437) and Furniture Vil. v Schoenberger (App Div Docket No. 2000-8167), are excepted from the suspension imposed in the third decretal paragraph above, and the respondent may appear in those two matters in this Court until they are finally determined by this Court; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

4

respondent, Ronald James D'Angelo, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.