[907 NYS2d 9]

In the Matter of WILLIAM B. CAITS (Admitted as WILLIAM BEN-
NETT CAITS), an Attorney, Respondent. DEPARTMENTAL DIS-
CIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT,
Petitioner.

First Department, August 31, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*McDonough & McDonough* (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent William B. Caits was admitted to the practice of law in the State of New York by the Second Judicial Department on May 8, 1975. At all times relevant to these proceedings, respondent has maintained an office for the practice of law within this Department.

On April 6, 2007, following a bench trial in Queens County, Criminal Court, respondent was convicted of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1] [intent to cause physical injury]) and harassment in the second degree (Penal Law § 240.26). Both crimes are misdemeanors. The court sentenced respondent to a conditional discharge, $300 fine, and 12-week anger management program. Respondent did not appeal, and has satisfied all the terms of his sentence.

Respondent's criminal convictions stem from an altercation with another patron at a restaurant he had attended with his wife and child. At some point, respondent was disturbed by noise emanating from a portable DVD player in a nearby booth, occupied by the patron and her father. Respondent asked her to turn down the music and also complained to the manager. After respondent voiced his dissatisfaction with the patron's adjustments and the manager's suggestion that he relocate, the verbal altercation escalated, culminating with respondent punching the victim.

Disciplinary proceedings were initiated against him following respondent's criminal convictions. By notice dated February 25, 2009, the Departmental Disciplinary Committee (Committee) charged respondent with seven counts, involving three disciplinary rules, arising out of his criminal convictions. Specifically, charges one and two alleged that respondent's actions underlying his conviction of attempted assault in the third degree constitute illegal conduct adversely reflecting on his fitness as a lawyer (Code of Professional Responsibility DR 1-102 [a] [3] [22 NYCRR 1200.3]) and conduct generally adversely reflecting on

his fitness as a lawyer (DR 1-102 [a] [7]), respectively. Similarly, charges three and four alleged that his actions underlying his conviction of harassment in the second degree violate the same two disciplinary rules. Charges five and six alleged that respondent's false testimony during his criminal trial and during his disciplinary deposition that he did not strike the woman twice and that he did not intend to cause injury violated DR 1-102 (a) (4) (conduct involving dishonesty, fraud, deceit, or misrepresentation). Charge seven alleged that respondent's misconduct, lack of remorse, and misrepresentations to the court and the Committee adversely reflect on his fitness as a lawyer (DR 1-102 [a] [7]).

After a two-day evidentiary hearing, the Referee assigned to the matter sustained all charges. The Referee recommended a sanction of a one-year suspension. Thereafter, a Hearing Panel heard oral argument and in a report confirmed the Referee's findings of facts and conclusions of law, but modified the sanction recommendation to one of public censure.

The Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law, and disaffirming, in part, the recommendation as to sanction as set forth in the Hearing Panel report, and instead imposing a one-year suspension. Respondent opposes the Committee's motion and requests that this Court affirm and adopt the Hearing Panel's report in its entirety including the recommendation of censure.

After reviewing all of the evidence adduced, we conclude that the findings of fact and conclusions of law set forth in the determination of the Hearing Panel with regard to respondent's misconduct should be confirmed. In determining the appropriate sanction to impose, we have taken into consideration mitigating circumstances advanced by respondent, including: respondent has practiced law for 38 years with an unblemished disciplinary record, presented numerous attestations as to his integrity and good character, and served in the armed forces. While there are some aggravating factors, namely respondent's attempt to minimize his culpable conduct and his lack of remorse, we find the mitigating factors vastly more compelling insofar as the instant misconduct was aberrational and was not indicative of his interpersonal relationship in the course of legal representation.

Finally, the sanction of public censure we impose here is consistent with New York precedent for similar levels of misconduct

(*see e.g. Matter of Jacoby*, 42 AD3d 196 [2007] [attorney was publicly censured in New Jersey based upon his criminal conviction of simple assault arising from an incident of domestic violence]; *Matter of Garille*, 301 AD2d 102 [2002] [attorney, who was convicted of attempted assault in the third degree, a class B misdemeanor, was publicly censured due to, inter alia, his exemplary record of public service and his unblemished disciplinary history]; *Matter of Waggoner*, 114 AD2d 99 [1986] [an attorney, who was convicted in the Virgin Islands of, inter alia, assault by pointing a pistol at a police officer, was publicly censured]).

In short, based upon the substantial evidence in mitigation and given the legal precedent, we find that the sanction of public censure is appropriate. Accordingly, we grant the Committee's motion only to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and respondent is publicly censured.

MAZZARELLI, J.P., SAXE, MOSKOWITZ, ACOSTA and RENWICK, JJ., concur.

Respondent publicly censured.