[936 NYS2d 137]

In the Matter of ROMAN LEONOV, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 27, 2011

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Ann E. Scherzer* of counsel), for petitioner.

No appearance for respondent.

Per Curiam.

Respondent Roman Leonov was admitted to the practice of law in the State of New York by the Second Judicial Department on May 21, 2008. At all times relevant to these proceedings, respondent has maintained an office for the practice of law within the First Judicial Department.

On June 1, 2009, in Criminal Court of the City of New York, New York County, respondent pleaded guilty to assault in the third degree in violation of Penal Law § 120.00 (1), a class A misdemeanor. That same day he was sentenced to a one-year conditional discharge, one day of an anger management program, and 10 days of community service. Respondent did not appeal and has satisfied all the terms of his sentence.

Respondent's criminal conviction arose from an altercation with a taxicab driver who refused to take respondent and his fiancée (now wife) from lower Manhattan to Brooklyn on Halloween night 2008. The disagreement ended when respondent kicked the driver in the head, knocking him to the ground causing injuries to his mouth, nose, head, face and body, which required medical treatment and surgery to the driver's face and mouth. Respondent was arrested at the scene.

Following his criminal conviction, disciplinary proceedings were initiated against respondent by which he was charged with two counts of engaging in professional misconduct. Specifically, charges one and two alleged that as a result of his assault conviction, he engaged in illegal conduct that adversely reflected on his honesty, trustworthiness or fitness as a lawyer (Code of Professional Responsibility DR 1-102 [a] [3] [22 NYCRR 1200.3 (a) (3)]), and "engage[d] in any other conduct that adversely reflect[ed] on [his] fitness as a lawyer" (DR 1-102 [a] [7] [22 NYCRR 1200.3 (a) (7)]), respectively. The parties entered into a prehearing stipulation wherein respondent admitted the facts as alleged in the charges but, although remorseful, denied that the charges should be sustained, essentially because his act reflected poorly on him personally but did not affect his "fitness as an attorney."

The Referee sustained charge one, engaging in illegal conduct, but did not sustain charge two finding that there was no "other conduct" that adversely reflected on respondent's fitness, and he recommended the sanction of public censure. The Referee

found that the assault on the taxi driver was a deplorable but isolated and uncharacteristic act by a young lawyer who understands and regrets the gravity of his offense. Thereafter, a Hearing Panel heard oral argument and in a report confirmed the Referee's findings of facts and conclusions of law and adopted the Referee's recommendation of censure.

The Committee now moves for an order confirming the Hearing Panel determination in its entirety and publicly censuring respondent. Respondent has not submitted a response.

The Committee's motion to confirm should be granted. The evidence adduced supports confirmation of the findings of fact and conclusions of law set forth in the Hearing Panel's determination with regard to respondent's misconduct. Thus, charge one, a violation of DR 1-102 (a) (3) should be sustained.

The assault committed by respondent was disturbing and violent. However, weighing the aberrational nature of the incident with the evidence in mitigation, which includes respondent's youth (he was 26 years old at the time of the incident and had only been admitted to the bar for less than six months), his genuine remorse and acceptance of responsibility, the attestations as to his good character, his full cooperation with the Committee, and the fact that the misconduct did not occur in the practice of law, the sanction of censure is appropriate.

Moreover, the sanction of public censure is consistent with this Court's precedent for similar types of misconduct (see e.g. Matter of Caits, 77 AD3d 165 [2010] [attorney censured based on convictions of attempted assault in the third degree and harassment in the second degree, arising out of his punching a fellow patron in restaurant]; Matter of Waggoner, 114 AD2d 99 [1986] [attorney convicted in the Virgin Islands of, among other things, assault by pointing a pistol at a police officer and aggravated assault and battery by grabbing officer, publicly censured]).

Accordingly, the Committee's petition is granted and the Hearing Panel's findings are confirmed and respondent is publicly censured.

FREEDMAN, J.P., RICHTER, ABDUS-SALAAM, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent publicly censured.