[939 NYS2d 338]

In the Matter of MICHAEL P. ZULANDT (Admitted as MICHAEL PAUL ZULANDT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 9, 2012

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Junn Hwa Lee* of counsel), for petitioner.

*Kelley, Drye & Warren, LLP,* New York City (*James M. Keneally* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Michael P. Zulandt was admitted to the practice of law in the State of New York by the Third Judicial Department on December 7, 2006. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.

On December 24, 2008, respondent pleaded guilty to a charge of assault in the third degree (Penal Law § 120.00), a class A misdemeanor. In accordance with his plea agreement, the court sentenced respondent to 10 months of incarceration, ordered restitution in the amount of $8,272.55, and entered a final order of protection against him. On June 23, 2009, respondent was released from custody after serving approximately six months in jail.

Respondent's criminal conviction stems from an argument that he had with the complainant, his former girlfriend, in her apartment on October 4, 2007. During the encounter, respondent repeatedly threw the complainant to the floor and slapped her about the face, causing physical injuries that required medical attention. During the assault, respondent called the complainant such derogatory names as "slut" and "whore." Respondent also destroyed or damaged various items of the complainant's personal property, including a Cartier watch that he smashed with a hammer, a purse that he filled with water, a painting that he punctured, and a couch that he damaged with water and oil.

The Departmental Disciplinary Committee served respondent with a notice and statement of charges which alleged that he was guilty of professional misconduct arising from the foregoing incident. Specifically, charge one alleged that respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer, in violation of Code of

Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]), when he intentionally caused physical injury to the complainant. Charges two and three alleged that respondent engaged in other conduct that adversely reflects on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), when he assaulted the complainant, and destroyed her watch and purse. By his answer, respondent denied the charges, but admitted some of the factual allegations. Respondent thereafter stipulated to the relevant facts set forth in the statement of charges and further admitted that he engaged in illegal conduct which adversely reflected on his honesty, trustworthiness, and fitness as a lawyer (DR 1-102 [a] [3] [22 NYCRR 1200.3 (a) (3)]), as alleged under charge one.

A hearing was thereafter conducted before a Referee. Respondent testified on his own behalf, taking full responsibility for his actions and admitting that he "always had a temper," but that he began therapy counseling shortly after his arrest and has continued to undergo therapy ever since. The Referee also heard testimony from respondent's treating psychotherapist who explained the violence as a result of an "intermittent explosive disorder," for which respondent is now being treated. By report and recommendation, the Referee sustained charges one and two. The Referee dismissed charge three finding that the destruction of the complainant's property "occurred at the same time as the assault and was part of the same course of conduct." With respect to the Committee's recommendation for a sanction of no less than a one-year suspension, the Referee acknowledged that respondent committed a serious act of domestic violence but, referring to the six months respondent spent in jail and his full restitution of the property damage, reasoned that "he has already paid a heavy price." The Referee concluded that respondent's misconduct warranted a 60-day suspension.

A Hearing Panel confirmed the Referee's findings that sustained charges one and two. The Hearing Panel disaffirmed the dismissal of charge three, finding that respondent's violent act in smashing the complainant's watch with a hammer, gouging a painting, and pouring water in her pocketbook was not the same act as the assault, as the Referee had concluded, but rather "an escalation" of it.

In considering the appropriate sanction, the Hearing Panel, with one panel member dissenting, confirmed the Referee's recommendation of a 60-day suspension. The Hearing Panel majority acknowledged that in determining the appropriate sanction

to impose for respondent's misconduct, the Referee relied on *Matter of Caits* (77 AD3d 165 [2010]), in which this Court upheld a public censure of an attorney convicted of attempted assault in the third degree and harassment. However, the Panel recognized that

> "there is a qualitative difference between the level of violence of [r]espondent's assault on his former girlfriend in her own home [for] at least 45 minutes, provoked if at all by the knowledge that she was seeing someone else, and the particular circumstances of [the respondent in] *Caits*, a member of the bar for many years with a previously unblemished record, who got into a fight in a restaurant with a stranger who apparently had refused to lower the volume on her portable DVD player after Caits had complained to the management."

The Panel also took issue with the Referee's finding that there was no other history of domestic violence, given that respondent admitted in his direct testimony at the Referee's hearing that there had been a prior episode in August 2006, when he "pushed" the complainant to the ground during an argument. Nevertheless, the Hearing Panel deferred to the Referee's judgment.

Although the Departmental Disciplinary Committee had initially sought a one-year suspension before the Referee, it now seeks an order pursuant to 22 NYCRR 605.15 (e) (2), confirming the Hearing Panel's findings of fact and conclusions of law, and imposing such sanction as this Court deems appropriate. In response to the Committee's petition, respondent requests that the Hearing Panel's determination be affirmed in its entirety.

The Hearing Panel's report should be confirmed insofar as the Panel sustained all the charges against respondent. In determining an appropriate sanction for respondent's misconduct, "[w]e are . . . guided by the principle that the purpose of a disciplinary proceeding is not to punish the respondent attorney, but rather to determine the fitness of an officer of the court and to protect the courts and public from attorneys that are unfit for practice" (*Matter of Lever*, 60 AD3d 37, 40 [2008]).

Respondent's case resembles *Matter of Jacoby* (86 AD3d 330, 333 [2011]). In that case, the respondent, who maintained his attorney registration with the New York bar, was convicted of the Virginia felony of unlawful wounding involving a domestic dispute with his wife. The altercation culminated in the respon-

dent striking and restraining his wife, causing physical injuries to her that required medical attention. In determining an appropriate sanction for the respondent's misconduct, this Court found that the "respondent should be suspended for 36 months in view of the gravity of the offense of domestic violence and his prior history of similar misconduct" (*id.* at 333). Here, respondent's violent behavior included throwing his former girlfriend to the floor, striking her numerous times on the face, and methodically destroying her property. All of this behavior occurred over a prolonged period of time. In light of the duration of respondent's attack on the complainant and destruction of her property, we are persuaded that respondent engaged in a calculated pattern of cruelty that was not the product of the intermittent explosive disorder described by his expert. In addition, respondent admitted that there had been a prior episode of such conduct. Thus, we find that the seriousness of respondent's conduct warrants a three-year suspension.

Accordingly, the Committee's petition should be granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and respondent should be suspended from the practice of law for a period of three years.

ANDRIAS, J.P., FRIEDMAN, CATTERSON, RENWICK and DEGRASSE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three years, effective 30 days from the date hereof.