Matter of Beltrani (2021 NY Slip Op 01004)





Matter of Beltrani


2021 NY Slip Op 01004


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick,J.P.,
Cynthia S. Kern
Anil C. Singh
Peter H. Moulton
Lizbeth González, JJ.


Motion No. 2020-03934 Case No. 2020-00623 

[*1]In the Matter of Robert V. Beltrani, (Admitted as Robert Vincent Beltrani) an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Robert V. Beltrani, (OCA Atty. Reg. No. 2286748.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Robert Vincent Beltrani, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on November 15, 1989.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Robert V. Beltrani was admitted to the practice of law in the State of New York by the Second Judicial Department on November 15, 1989 under the name Robert Vincent Beltrani. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (AGC) commenced this disciplinary proceeding by a petition of charges (Judiciary Law § 90[2]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of professional misconduct in violation of the Rules of Professional Conduct (RPC) (22 NYCRR 1200.0), based on a physical altercation that occurred on October 20, 2016. Respondent filed his verified answer, the AGC filed its statement of disputed and undisputed facts, and respondent filed a response stating that the AGC had accurately stated the disputed and undisputed facts and requested the appointment of a referee for a hearing. This Court than appointed a referee to conduct a hearing and file a report.
The parties now jointly move, pursuant to 22 NYCRR 1240.8(a)(5), for discipline by consent and request the imposition of a public censure.
A joint motion for the imposition of discipline must include a stipulation of facts, the respondent's conditional admission to the acts of professional misconduct and the violation of specific RPC, the relevant factors in mitigation and aggravation, a summary of the parties' agreed-upon disciplinary sanction, and an affidavit from the respondent acknowledging, in addition to his conditional admission of misconduct, his or her freely given consent to the agreed-upon discipline and his or her full awareness of the consequences of such consent (22 NYCRR 1240.8[a][5][i]-[iii]).
The parties' submission conforms to the above procedural requirements.
Stipulation of Facts
"On the night of October 20, 2016, respondent attended a celebration of his friend's newly launched law firm at an event space ... in Manhattan. At the time, respondent was an Administrative Law Judge (ALJ) for the Department of Corrections. He presided over parole revocation hearings at the Judicial Center at Rikers Island."
S. R., a Legal Aid attorney, also attended.
"There was an open bar at the celebration. [S.R.] and respondent availed themselves of the bar."
"Sometime after 11 p.m., respondent, who was intoxicated, and S.R. exited the building and began talking to one another outside. 'Respondent was standing against the building. At one point, respondent took a step towards [S.R.] and [S.R.] extended his arm towards respondent and touched respondent on the chest. Respondent then threw a single punch at [S.R.]'s head. [S.R.] fell to the ground and respondent fell on top of him. Respondent immediately stood up and left."
"On May 11, 2018, respondent pleaded guilty to harassment in the second degree (Penal Law[*2]§ 240.26), a violation. 'The matter was Adjourned in Contemplation of Dismissal and respondent received a one-year conditional discharge. As a condition of the disposition, an Order of Protection was issued on behalf of [S.R.]."
"Within days of the incident, respondent was suspended without pay by the Department of Corrections. He was later terminated after a disciplinary hearing was held."
Respondent admits that his actions, as set forth above, establish that he violated the rules alleged in the petition of charges:
RPC rule 8.4(b) (a lawyer shall not engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer); and,
RPC rule 8.4(h) (a lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer).
The parties stipulate to the following factors in mitigation:
Respondent "unequivocally express[es] his extreme remorse for the incident";
"Respondent has fully cooperated with the Committee";
"Respondent was candid about his misconduct with his employer and the Committee";
"Respondent has been practicing law for thirty-two (32) years with no discipline";
"Respondent's conduct directly led to the loss of his employment and harmed his legal career";
"Respondent acknowledged that[,] at or about the time of the incident, he was drinking more than he should have been[,] and that he has since taken stock of his life and made changes to address that situation. As a result of the criminal violation, respondent participated in anger management counseling through the LAMP program and participated in 70 hours of mandated community service, which he continued after his mandated participation came to an end"; and,
Respondent "apologize[s] to the Court and to the bar for his acknowledged misconduct".
The parties state that they agree that respondent's misconduct does not warrant a suspension, and that similar matters have resulted in a public censure.
In support, they rely on Matter of Caits (77 AD3d 165 [1st Dept 2010]); Matter of Jacoby (42 AD3d 196 [1st Dept 2007]); Matter of Garille (301 AD2d 102 [2nd Dept 2002]); and, Matter of Waggoner (114 AD2d 99 [1st Dept 1986]). The parties also distinguish this case from others "impos[ing] a term of suspension ... where the assault was significantly more serious than here": i.e., Matter of Cherkasky (183 AD3d 42 [1st Dept 2020]); Matter of Walker (181 AD3d 62 [1st Dept 2020]); Matter of Zulandt (93 AD3d 77 [1st Dept 2012]); and, Matter of Jacoby (86 AD3d 330 [1st Dept 2011]).
Accordingly, the Court grants the parties' joint motion for discipline by consent and respondent is hereby publicly censured. The AGC's separately filed petition of charges is denied as moot.
All concur.
It is Ordered that the parties' joint motion pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent is granted, and
It is further Ordered that respondent, Robert V. Beltrani, (admitted as Robert Vincent Beltrani) is [*3]hereby publicly censured for his misconduct, and
It is further Ordered that the Attorney Grievance Committee for the First Judicial Department's separately filed petition of charges is denied as moot.
Entered: [February 16, 2021]