Matter of Schneiderman (2021 NY Slip Op 02497)





Matter of Schneiderman


2021 NY Slip Op 02497


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Barbara R. Kapnick
Jeffrey K. Oing
Saliann Scarpulla
Martin Shulman, JJ.


Motion No. 2021-00665 Case No. 2020-03638 

[*1]In the Matter of Eric T. Schneiderman, (Admitted as Eric Tradd Schneiderman), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Eric T. Schneiderman, (OCA Reg. No. 1890037.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 19, 1983.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Denise M. Szekely, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.



Per Curiam 


Respondent Eric T. Schneiderman was admitted to the practice of law in the State of New York by the First Judicial Department on September 19, 1983, under the name Eric Tradd Schneiderman. At all times relevant to this proceeding, respondent maintained a law office within the First Department.
The Attorney Grievance Committee (AGC) filed a petition of charges (eight charges) against respondent, which alleges that, between 2013 and 2017, respondent was physically abusive toward three women, two of whom had been in long-term relationships with him, in violation of the New York Rules of Professional Conduct (22 NYCRR 1200.0) (RPC). Allegations that respondent engaged in nonconsensual physical violence were publicized in a May 7, 2018 article in The New Yorker, after which respondent resigned from his position as Attorney General for the State of New York. In May 2019, the AGC initiated a sua sponte investigation, which resulted in the filing of the petition of charges in August 2020.
The parties now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.8(a)(5) for discipline by consent and ask this Court to suspend respondent from the practice of law for a period of one year, conditioned upon respondent continuing treatment with his mental health professional and further conditioned upon his supervision by, and reporting to, the New York City Bar Lawyer Assistance Program. The motion is supported by a joint affirmation containing a statement of facts, conditional admissions of professional misconduct, factors in aggravation and mitigation, and agreed upon discipline, as well as respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent (22 NYCRR 1240.8[a][5][i] and [ii]).
The parties have stipulated to the following relevant facts:
Between July 2013 and December 2014, respondent was involved in a long-term, consensual sexual relationship with M.B. On a number of occasions during their relationship respondent slapped M.B, placed his hands on her neck and applied pressure without obtaining consent, and at times he was verbally and emotionally abusive.
Between August 2016 and September 2017, respondent was involved in a long-term, consensual sexual relationship with T.S. During their relationship, respondent slapped T.S., placed his hands on her neck and applied pressure without obtaining consent, and at times he was verbally and emotionally abusive.
During a romantic encounter in August 2016, respondent slapped an unidentified attorney twice.
On May 7, 2018, the day The New Yorker article was published, respondent was advised that he would be the subject of a criminal investigation by a special prosecutor appointed by Governor Andrew Cuomo, and shortly thereafter[*2],
respondent resigned from his position as Attorney General of New York.
In May of 2018, respondent began weekly therapy sessions with his psychiatrist, whom he had previously been seeing monthly since January of 2018 for medication management. Respondent also completed a one-month inpatient alcohol rehabilitation program, he became an active member of Alcoholics Anonymous (AA), and he has publicly acknowledged that he is a recovering alcoholic.
On November 8, 2018, after investigating the allegations raised in The New Yorker article, the Nassau County District Attorney's Office declined to prosecute respondent, citing statutes of limitations and other grounds, on which date respondent issued a public statement apologizing for his conduct.
Respondent conditionally admits that, by virtue of his unwanted physical contact with the three women described above, he engaged in professional misconduct; that is, conduct that adversely reflects on his fitness as a lawyer, in violation of RPC rule 8.4(h).
The parties have stipulated to the following factors in aggravation: respondent's misconduct constitutes multiple offenses; and as New York State Attorney General, he had substantial experience in the practice of law at the time of this conduct.
The parties have stipulated to the following factors in mitigation:
Respondent has no prior discipline, and his misconduct did not involve the practice of law nor dishonesty.
Respondent underwent in-patient alcohol rehabilitation treatment in 2018, he is an active member of AA, and has received individual counseling on a monthly and then weekly basis since January of 2018; and his psychiatrist has described him as an "ideal patient" who is "both sincere and highly motivated" and "has a genuine interest in understanding how his upbringing has shaped his relationships, behaviors and career choices."
Respondent has fully cooperated with the AGC's investigation, he accepted full responsibility for his misconduct and is remorseful therefor, he publicly apologized for his misconduct, the embarrassment it brought to the public office he held, and the harm he caused to the three women impacted by it; and the 2018 article from The New Yorker had a devastating effect on his career in that he was forced to relinquish his position as New York's Attorney General.
Respondent has engaged in community service work, he is well regarded in the legal community, and he has a superlative reputation for the character traits of honesty, integrity, civility, nonviolence and adherence to the standards of professional ethics.
The parties agree that that the appropriate sanction herein is a one-year suspension, conditioned upon respondent continuing treatment with his mental health professional and further conditioned upon his supervision by, and reporting to, the New York City Bar Lawyer Assistance Program.
The parties concede that there is no case directly on point but nevertheless cite to the fact that attorneys previously disciplined [*3]for comparable misconduct have received suspensions of varying length (see Matter of Cherkasky, 183 AD3d 42 [1st Dept 2020]; Matter of Walker, 181 AD3d 62 [1st Dept 2020]; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Zulandt, 93 AD3d 77 [1st Dept 2012]; Matter of Jacoby, 86 AD3d 330 [1st Dept 2011]; Matter of Nickol, 183 AD3d 1105 [3d Dept 2020]), as well as censure in cases involving single instances of physical violence (see e.g. Matter of Leonov, 92 AD3d 50 [1st Dept 2011]; Matter of Caits, 77 AD3d 165 [1st Dept 2010]).
Respondent's admitted misconduct involves verbal and emotional abuse, and unwanted physical contact with three women. However, respondent does not have any criminal or disciplinary history, he has a significant record of public service, and he has taken steps to address his alcohol abuse and past abusive behavior via his participation in AA and therapy. Also, there is precedent to support the requested one-year suspension (see Matter of Tabacco, 171 AD3d at 163; Matter of D'Angelo, 285 AD2d 1 [2d Dept 2001]).
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is suspended from the practice of law in the State of New York for a period of one year, and until further order of this Court, during which time respondent is to continue with counseling and to be monitored by the Lawyer Assistance Program. The petition of charges is denied as moot.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted and respondent Eric T. Schneiderman, admitted as Eric Tradd Schneiderman, is suspended from the practice of law in the State of New York for a period of one year, commencing May 28, 2021, and until further order of this Court, during which time respondent Eric T. Schneiderman is directed to continue with counseling and to be monitored by the New York City Bar Lawyer Assistance Program; the petition of charges is denied as moot, and
It is further ordered that during his period of suspension, and until further order of this Court respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; and respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and
It is further ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR [*4]1240.15 (f).
Entered. April 27, 2021