Matter of McClain (2022 NY Slip Op 06071)

Matter of McClain

2022 NY Slip Op 06071

Decided on October 27, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Judith J. Gische
David Friedman
Anil C. Singh
Tanya R. Kennedy, JJ.

Motion No. 2022-03133 Case No. 2022-02649 

[*1]In the Matter of Joseph J. McClain (Admitted as Joseph John McClain), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Joseph J. McClain, (OCA Atty. Reg. No. 1566467) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on December 11, 2013.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, Esq., of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.

Per Curiam 

Respondent Joseph J. McClain was admitted to the practice of law in the State of
New York by the Second Judicial Department on December 11, 2013, under the name Joseph John McClain. At all times relevant to this proceeding, respondent was employed by a financial firm within the First Judicial Department.
In June 2022, the Attorney Grievance Committee (AGC) served respondent with a notice and petition of charges (two charges) alleging professional misconduct stemming from pre-admission criminal conduct in Pennsylvania which resulted in a conviction after his admission to the New York Bar.
The AGC and respondent now jointly move pursuant to the Rules for Attorney Disciplinary Matters under (22 NYCRR) § 1240.8(a)(5) for discipline by consent and ask this Court to suspend respondent from the practice of law for a period of not less than one year or until his term of probation expires, whichever is longer. The motion is supported by a joint affirmation containing a statement of facts, conditional admissions of professional misconduct, factors in aggravation and mitigation, and agreed upon discipline, as well as respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent (22 NYCRR 1240.8[a][5][i] and [iii]).
The parties have stipulated to the following relevant facts. On October 25, 2008, respondent, then a first-year law student, attended a party at Bucknell University where his brother was enrolled. During the party, respondent met a female freshman at Bucknell, who, in the early hours of October 26, he took up to his brother's room and sexually assaulted. The female freshman quickly reported the sexual assault to law enforcement who investigated. DNA analysis was done on items collected by law enforcement during the investigation and on samples from both the victim and respondent. Testing revealed that a DNA mixture located on respondent's underwear was consistent with that of respondent and the victim.
The victim declined to prosecute in 2008. However, in 2020, she was prepared to proceed with the prosecution and was able to do so because the statute of limitations on rape in Pennsylvania is 12 years. On January 13, 2020, the District Attorney of Union County, Pennsylvania (DA) filed a two count criminal information alleging that on or about October 26, 2008, respondent committed the misdemeanor offenses of simple assault and indecent exposure.[FN1] On April 6, 2021, respondent, represented by counsel, pleaded guilty to both counts of the information.
On June 30, 2021, respondent was sentenced to two years' probation on the indecent exposure charge and incarcerated for 10 days on the simple assault charge.[FN2] Respondent was not required to register as a sex offender[*2].
Respondent admits that his actions, as set forth above, violated the two charges alleged in the petition of charges: by sexually assaulting the victim on October 26, 2008, and committing the misdemeanor crimes of simple assault and indecent exposure, respondent engaged in illegal conduct that adversely reflects on his fitness as a lawyer in violation of New York Rules of Professional Conduct (22 NYCRR 1200.00) rules 8.4(b) and 8.4(h).
The parties have stipulated to the following factors in aggravation. According to the victim impact statement, as a result of respondent's assault, she was diagnosed with post-traumatic stress disorder, complicated by her preexisting obsessive compulsive disorder, suffered severe depression leading to several suicide attempts, and was in and out of treatment for several years.
In mitigation, the parties considered that respondent has no prior disciplinary history and has been cooperative and contrite throughout the AGC's investigation. Respondent has taken responsibility for his pre-admission conduct, which occurred more than 10 years earlier when he was in his first year of law school. Although newly married with a child on the way, respondent pleaded guilty in 2021 to the reduced criminal charges of simple assault and indecent exposure, was incarcerated for 10 days, and placed on probation.
The Court agrees with the parties, that, in light of respondent's admitted misconduct, the aggravating and mitigating factors presented, and the relevant case law, a one-year suspension or until his term of probation expires, whichever is longer, is the appropriate sanction under the circumstances (see Matter of Schneiderman, 194 AD3d 196 [1st Dept 2021]; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of D'Angelo, 285 AD2d 1 [2d Dept 2001]).
Accordingly, the motion for discipline by consent should be granted, and respondent is suspended from the practice of law in the State of New York for a period of not less than one year or until his term of probation expires, whichever is longer, and upon further order of this Court. The petition of charges should be denied as moot.
All concur.
IT IS ORDERED that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Joseph J. McClain (admitted as Joseph John McClain) is suspended from the practice of law in the State of New York for a period of one year, effective November 28, 2022 or until his term of probation expires, whichever is longer, and upon further order of this Court, and
IT IS FURTHER ORDERED that the Attorney Grievance Committee's petition of charges is denied as moot, and
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Joseph J. McClain is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court[*3], judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent Joseph J. McClain shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Joseph J. McClain has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: October 27, 2022

Footnotes

Footnote 1: At that time, the DA also withdrew six previously filed felony charges, which included the first-degree felony of rape by forcible compulsion.

Footnote 2: Respondent was also ordered to pay $94,841.79 in restitution to the victim. However, upon rehearing, the restitution order was vacated because the court found the DA had not established that the victim's medical expenses and tuition loss were related to the crime committed by respondent. The DA is appealing the order rescinding restitution.