Matter of Heimendinger (2024 NY Slip Op 03337)

Matter of Heimendinger

2024 NY Slip Op 03337

Decided on June 18, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Jeffrey K. Oing,J.P.,
Lizbeth González
Martin Shulman
Bahaati E. Pitt-Burke
Kelly O'Neill Levy, JJ.

Motion No. 2024-00227 Case No. 2024-00283 

[*1]In the Matter of Mark E. Heimendinger, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mark E. Heimendinger (Admitted as Mark Edwin Heimendinger) (OCA ATTY. REG. NO. 4068086), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Mark E. Heimendinger, was admitted, as Mark Edwin Heimendinger, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 1, 2002.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Mark E. Heimendinger was admitted to the practice of law in the State of New York by the First Judicial Department on July 1, 2002, under the name Mark Edwin Heimendinger. Respondent's registered address is in Oviedo, Seminole County, Florida, but this Court retains continuing jurisdiction over respondent as the Judicial Department in which he was admitted to practice.
The pertinent facts in this matter arise from respondent's practice of law in Florida, where he was licensed as an attorney on May 13, 2016. By order entered December 21, 2023, the Supreme Court of Florida suspended respondent from the practice of law for two years based on criminal convictions in state court.
The Attorney Grievance Committee (AGC) relates that, on December 17, 2022, several Oviedo Police Department officers responded to a disturbance in progress in which a suspect pulled a gun on another person. When the reporting officer arrived on the scene, several officers were talking to two people, and another officer was securing a person later identified as respondent. The reporting officer asked respondent where the gun was, and respondent indicated its location. From a black backpack lying next to respondent, the reporting officer recovered a 9-millimeter handgun with a full 24-round magazine and a round in the chamber. According to the police report, a witness saw respondent "walking from his home back towards the crime scene with the black backpack." The reporting officer watched surveillance video, which showed respondent trying to strike the victim with his vehicle. Respondent appeared to be intoxicated and had a suspended concealed weapon license.
Respondent was arrested and charged with possession of 20 grams or less of cannabis, a first-degree misdemeanor (Fla Stat Ann § 893.13 [6] [b]); battery, a first-degree misdemeanor (Fla Stat Ann § 784.03 [1] [a] [1]); unlicensed carrying a concealed firearm, a first-degree misdemeanor (Fla Stat Ann § 790.01 [2]); aggravated assault, athird-degree felony (Fla Stat Ann § 784.021 [1] [a]); and aggravated battery, a second-degree felony (Fla Stat Ann § 784.045 [1] [a] [2]). All charges relating to cannabis and aggravated battery were dropped, and an additional aggravated assault charge was added, as well as a charge for improper exhibition of a dangerous weapon or firearm, a first-degree misdemeanor (Fla Stat Ann. § 790.10).
Respondent [*2]denied brandishing a weapon. He claimed that the victim blocked the roadway while loading a trailer onto his truck. When respondent stopped his vehicle, the victim approached and threatened to kill him. By contrast, the victim stated that respondent drove into the area "brazenly" and stopped 20 feet in front of him. The victim asserted that respondent exited his vehicle, chest bumped the victim, and threatened to kill him, using vulgar language. Respondent returned to his vehicle and pulled out a gun, which he used to strike the victim in the head. Respondent then pointed the gun at the victim's head, jumped into his vehicle, and attempted to hit the victim. He succeeded in striking the victim with the vehicle's side mirror.
On August 25, 2023, respondent entered into a plea agreement resolving his case before the Circuit Court, 18th Judicial Circuit. Under the agreement, the State entered a notice of abandonment as to one of the aggravated assault charges. Respondent pleaded no contest to the remaining aggravated assault charge and the charge for carrying a concealed firearm, both of which are third-degree felonies. Adjudication was withheld on these charges, and respondent was sentenced to 60 months of probation. Respondent pleaded no contest to the remaining first-degree misdemeanor charges of improper exhibition of a dangerous weapon or firearm and battery. He was adjudicated guilty of these charges and sentenced to two days in jail, with a two-day credit for time served.
On August 29, 2023, the Florida Bar filed a notice of determination or judgment of guilt in the Florida Supreme Court, and requested that respondent be found guilty of violating rule 4-8.4(b) of the Rules Regulating the Florida Bar (proscribing criminal acts that reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects) and be immediately suspended, with the matter referred to a referee for a hearing on sanctions under rules 3-7.2(f) and (h) of the Rules Regulating the Florida Bar. By order entered August 31, 2023, the Florida Supreme Court suspended respondent, effective 30 days from the date of the order, and referred the matter for the appointment of a referee (Florida Bar v Heimendinger, 2023 WL 5614634, 2023 Fla LEXIS 1342 [Fla 2023]).
Respondent subsequently entered a conditional plea for consent judgment with the Florida Bar, dated November 15, 2023, in which he consented to a two-year suspension. The parties acknowledged that "[f]ollowing respondent's arrest, he voluntarily entered an inpatient treatment program and has been sober since the date of this incident on December 17, 2022. Respondent continues to receive treatment, is actively involved in AA [Alcoholics Anonymous], and works to assist others entering recovery."
In mitigation, the parties agreed that respondent had no prior disciplinary history, did not act with a selfish or dishonest motive, was experiencing personal problems, provided full and free disclosure [*3]to the Florida Bar, provided evidence of good character and reputation within the community, had a substance-related disorder, demonstrated interim rehabilitation, received the imposition of other penalties through the criminal justice system, and had expressed sincere remorse for his misconduct.
By order entered December 21, 2023, the Supreme Court of Florida approved the Referee's report and suspended respondent from the practice of law for two years, effective immediately (Florida Bar v Heimendinger, 2023 WL 8824680, 2023 Fla LEXIS 1892 [Fla 2023]). The AGC moves to impose reciprocal discipline, based on the Florida suspension.
Under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13(b), an attorney disciplined in a foreign jurisdiction is precluded from raising any defenses except:
"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the respondent's misconduct; or
"(3) that the misconduct for which the respondent was disciplined in the foreign jurisdiction does not constitute misconduct in New York."
Respondent does not assert any of these defenses. In any event, the defenses are inapplicable. Respondent was afforded ample due process in the Florida Bar's disciplinary proceedings; the documentary evidence submitted by the Florida Bar and the AGC on this motion confirms respondent's convictions; and those convictions would constitute misconduct in New York (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 (b) [a lawyer shall not "engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer"]).
As to the sanction to be imposed, a two-year suspension does not deviate materially from this Court's precedent involving comparable misconduct. Specifically, this Court "gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought" and deviates from this general rule only on rare occasions (Matter of Kort, 224 AD3d 15, 20 [1st Dept 2024] [internal quotation marks omitted]). We see no reason to depart from the general rule in this case, as respondent's two-year Florida suspension falls within the range of suspensions imposed by this Court for similar misconduct, which is between one year (see Matter of McClain, 211 AD3d 16, 19 [1st Dept 2022]; Matter of Schneiderman, 194 AD3d 196, 200 [1st Dept 2021]) and three years (see Matter of Zulandt, 93 AD3d 77, 81 [1st Dept 2012]; Matter of Jacoby, 86 AD3d 330, 333 [1st Dept 2011]).
As respondent concedes, his efforts to address his mental health and sobriety struggles "may only be presented in mitigation to formal [*4]charges," not to avoid reciprocal discipline. We nonetheless commend respondent's efforts to address these challenges.
Accordingly, the AGC's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated on similar discipline imposed by the Supreme Court of Florida, should be granted to the extent that respondent Mark E. Heimendinger, admitted as Mark Edwin Heimendinger, is suspended from the practice of law in the State of New York for a period of two years, effective July 18, 2024, and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of Florida, is granted, and respondent Mark E. Heimendinger, admitted as Mark Edwin Hiemendinger, is suspended from the practice of law in the State of New York for a period of two years, effective July 18, 2024, and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Mark E. Heimendinger, admitted as Mark Edwin Hiemendinger, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Mark E. Heimendinger, admitted as Mark Edwin Hiemendinger, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof; and
It is further Ordered that if respondent Mark E. Heimendinger, admitted as Mark Edwin Hiemendinger, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 18, 2024